## Daniel D. Healy, Receiver, Appellee, v. Defiance City Bank et al., On Appeal of Joseph Beifeld, Intervening Petitioner.

### Gen. No. 15,455.

RECEIVERSHIPS—*when claim sounding in tort rejected.* There is no rule of law which permits one claiming a right of action for a tort against a corporation in the hands of a receiver to sue for and recover against the receivers, either at law or in equity, the damage so suffered by him.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 7, 1911.

FELSENTHAL, FOREMAN & BECKWITH, for appellant; EGBERT ROBERTSON, of counsel.

DARROW, MASTERS & WILSON, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

This court has this day filed an opinion in a case known as General Number 16,967 and entitled Daniel D. Healy, Receiver, etc., appellant, v. Defiance City Bank, a corporation, etc., et al., appellees, in which the main facts governing the present appeal are set out, and reference is made to that opinion for such facts. *Post,* p. 628.

The appellant, Joseph Beifeld, claims to have purchased two certificates, one for 35 shares and one for 18 shares, of the capital stock of the Bank of America, issued to J. V. Pierce.

Appellant presented a petition to the court, in which he averred that by reason of the fraudulent act of the Bank of America, through its officers, in issuing the certificates, he had a cause of action against the bank in tort, and that by reason thereof he had an equitable interest in the funds now in the hands of the receiver, to the extent of the damages which he was thus entitled to recover as against the said Bank of America, and he asked the court to decree that the Bank of America was indebted to him and that the receiver be directed to pay to him out of the funds in his hands belonging to the bank such amount so found to be due.

A demurrer *ore tenus* was filed by the receiver and sustained by the court, who refused to grant appellant leave to file his said petition. From such finding of the court Beifield appeals.

We think that the decision of the learned chancellor in the Superior Court was correct. We know of no rule of law which permits one claiming a right of action for a tort against a corporation in the hands of a receiver, to sue for and recover against the receiver, either at law or in equity, the damages so suffered by him.

*Decree affirmed.*